IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MICHAEL S. PEKIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.  08 C 3644 |
| v. ) | |
| ) | Judge Kennelly |
| UNUM GROUP, ) | |
| ) | Magistrate Judge Nolan |
| Defendant. ) | |
| ) | |

## UNUM GROUP'S MOTION TO DISMISS THE COMPLAINT

Defendant, UNUM GROUP, by its attorneys, Michael J. Smith and Warren von Schleicher, hereby submits its Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and states as follows:

1.  This case involves a dispute over the calculation of residual disability benefits payable to the plaintiff, Michael Pekin ("Pekin"), under a disability insurance policy issued by The Paul Revere Life Insurance Company ("Paul Revere").

2.  Pekin, in his prolix Complaint, contends that the use of his accrual-based earnings to determine his eligibility for benefits violates the Policy's terms.  He asserts claims for a declaratory judgment (Count I), payment of future disability benefits (Count II), breach of contract (Count III), statutory penalties for vexatious and unreasonable conduct under §155 of the Illinois Insurance Code, 215 ILCS 5/155 (Count IV), and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 5/1 *et seq.* (Count V).

3.  Pekin fails to assert any of these claims against Paul Revere, the insurer that issued the Policy and determined his eligibility for benefits.  Rather, Pekin directs his claims solely against Paul Revere's indirect corporate parent, Unum Group.  Unum Group is not a party

to the Policy and is not in privity of contract with Pekin. Unum Group, therefore, is not a proper defendant to the Complaint.

    4.    Notwithstanding his failure to name the proper defendant, which alone warrants dismissal of the Complaint, Pekin fails to state a cognizable claim to recover future benefits under the Policy. Fundamentally, Pekin's eligibility for future benefits depends on Pekin's medical condition in the future and whether he satisfies the Policy's definition of disability.

    5.    Pekin also fails to state a claim under the Consumer Fraud Act. Consumer fraud involves more than mere allegations that a defendant contractually promised to convey a benefit and subsequently failed to deliver on that promise. Illinois law prohibits Pekin from attempting to convert an ordinary breach of contract action into a claim for consumer fraud.

    6.    Accordingly, the Complaint should be dismissed in its entirety for failure to name the proper defendant and failure to state a cognizable claim.

WHEREFORE, defendant, UNUM GROUP, respectfully requests dismissal of the Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

    Respectfully submitted,

Michael J. Smith            By: /s/ Warren von Schleicher_____
Warren von Schleicher            Attorney for Defendant, Unum Group
Smith, von Schleicher & Associates
39 S. LaSalle St., Suite 1005
Chicago, IL 60603
(312) 541-0300

## CERTIFICATE OF SERVICE

  I hereby certify that, on August 14, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will serve the electronically filed document on the following attorneys of record:

William M. McErlean
Barnes & Thornburg LLP
One North Wacker, Suite 4400
Chicago, Illinois  60606
wmcerlean@btlaw.com

          Respectfully submitted,


          /s/ Warren von Schleicher

          Smith, von Schleicher & Associates
          39 S. LaSalle St., Suite 1005
          Chicago, Illinois  60603
          (312) 541-0300
          (312) 541-0933 Facsimile
          E-Mail:  warren.vonschleicher@svs-law.com
          ARDC# 6197189