IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MICHAEL S. PEKIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.  08 C 3644 |
| v. ) | |
| ) | Judge Kennelly |
| UNUM GROUP, ) | |
| ) | Magistrate Judge Nolan |
| Defendant. ) | |
| ) | |

**UNUM GROUP'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS THE COMPLAINT**

Defendant, UNUM GROUP, by its attorneys, Michael J. Smith and Warren von Schleicher, hereby submits its Memorandum in Support of its Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and in support thereof, states as follows:

**INTRODUCTION**

This case involves a dispute over the calculation of residual disability benefits payable to the plaintiff, Michael Pekin ("Pekin"), under a disability insurance policy issued by The Paul Revere Life Insurance Company ("Paul Revere").  In order to be eligible for a monthly residual disability benefit under the Policy, the insured must sustain at least a 20% loss in earnings for that month—as compared with the insured's pre-disability monthly earnings—due to a medical condition.

Pekin, an attorney, ceased practicing law due to dry eye syndrome resulting from Lasik surgery.  Thereafter, he formed a start-up venture called Oasis Legal Finance Group ("Oasis") with a group of investors.  Initially, Oasis reported Pekin's monthly earnings to Paul Revere based on a cash accounting method, which Paul Revere used to determine Pekin's eligibility for residual disability benefits.  Several years later, Oasis adopted an accrual method of accounting.

Oasis began reporting Pekin's monthly earnings to Paul Revere based on the accrual method of accounting, which Paul Revere used to determine Pekin's eligibility for residual disability benefits. This change in accounting practices by Oasis impacted Pekin's monthly earning numbers and, thus, his eligibility for monthly benefits under the Policy.

Pekin, in his prolix Complaint, contends that the use of his accrual-based earnings to determine his eligibility for benefits violates the Policy's terms. He asserts claims for a declaratory judgment (Count I), payment of future disability benefits (Count II), breach of contract (Count III), statutory penalties for vexatious and unreasonable conduct under §155 of the Illinois Insurance Code, 215 ILCS 5/155 (Count IV), and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 5/1 *et seq.* (Count V).

But Pekin fails to assert any of these claims against Paul Revere, the insurer that issued the Policy and determined his eligibility for benefits. Rather, Pekin directs his claims solely against Paul Revere's indirect corporate parent, Unum Group. Unum Group is not a party to the Policy and is not in privity of contract with Pekin. The Complaint and exhibits attached to the Complaint clearly establish that *Paul Revere* issued the Policy and decided Pekin's eligibility for benefits.

Notwithstanding his failure to name the proper defendant, which alone warrants dismissal of the Complaint, Pekin fails to state a cognizable claim to recover future benefits under the Policy. Fundamentally, Pekin's eligibility for future benefits depends on Pekin's medical condition in the future and whether he satisfies the Policy's definition of disability. It would be impossible to foretell Pekin's medical condition years in the future, much less adjudicate his rights to recover those benefits.

Pekin also fails to state a claim under the Consumer Fraud Act. Consumer fraud involves more than mere allegations that a defendant contractually promised to convey a benefit and subsequently failed to deliver on that promise. Illinois law prohibits Pekin from attempting to convert an ordinary breach of contract action into a claim for consumer fraud.

Accordingly, the Complaint should be dismissed in its entirety for failure to name the proper defendant and failure to state a cognizable claim.

## ARGUMENT

**I.       Pekin Fails To State A Contract Claim Or §155 Claim Against Unum Group.**

In Counts I through III of the Complaint, Pekin endeavors to assert contract claims against Unum Group based on a purported breach of the Policy issued by Paul Revere. A cause of action for breach of contract, however, may be asserted only against a party that is in privity of contract. *Kaplan v. Shure Brothers, Inc.*, 266 F.3d 598 (7th Cir. 2001); *Harris v. JAT Trucking of Illinois, Inc*., No. 07-2210, 2008 WL 2557457, at *3 (C.D. Ill. June 23, 2008) (dismissing a claim for breach of contract, because "Plaintiff has not alleged the existence of a contract between himself and Defendant….").

The Policy attached to the Complaint plainly demonstrates that Unum Group is not a party to the insurance contract. The Policy was issued by non-party Paul Revere, which Pekin failed to name as a defendant. The source of Pekin's confusion appears to be his assumption, alleged in paragraph 4 of the Complaint, that Paul Revere "merged" into Unum Group sometime in 2001. Pekin simply presumes that Unum Group should be "responsible for all obligations of the insurer under the Policy." (Complaint, ¶ 4). Pekin's conclusory allegation fails to establish a right to relief even under federal notice pleading standards. Federal notice pleading requires a short and plain statement showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).

Nevertheless, a complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. --, 127 S.Ct. 1955, 1965 (2007)).

Every exhibit attached to the Complaint—including the Policy itself—reflects that Paul Revere is the proper defendant to Pekin's contract claims. Despite Pekin's conclusory allegation that Paul Revere merged into Unum Group in 2001, Pekin attached as exhibits to the Complaint four letters sent by Paul Revere to Pekin's attorney on October 10, 2007, October 19, 2007, November 29, 2007 and January 31, 2008. Each of these letters was signed by Scott Allen on behalf of "The Paul Revere Life Insurance Company." (Complaint, Exhibits B, D, G, I). Pekin's attorney, in turn, also directed his written communications to "The Paul Revere Life Insurance Company" in letters dated October 16, 2007, October 29, 2007, November 20, 2007 and January 22, 2008, which also are attached as exhibits to the Complaint. (Complaint, Exhibits C, E, F, H).

Indeed, the court may take judicial notice that Paul Revere currently is registered as an active insurance company with the Illinois Department of Insurance.[1] *See Pugh v. Tribune*, 521 F.3d 686, 691 n.2 (7th Cir. 2008) ("We may take judicial notice of documents in the public record … without converting a motion to dismiss into a motion for summary judgment.") (*citing Radaszewski v. Maram*, 383 F.3d 599, 600 (7th Cir. 2004)). Pekin, therefore, fails to allege a plausible claim under the Policy against Unum Group for declaratory judgment (Count I), payment of future benefits (Count II) and breach of contract (Count III). *See Van Dorn Co. v. Future Chemical & Oil Corp.*, 753 F.2d 565, 569 (7th Cir. 1985) ("Under Illinois law, a

---

[1] *See* http://www.idfpr.com/DOI/Apps/PEDS/PEDSLInsureList.asp (website of the Illinois Department of Financial and Professional Regulation, Department of Insurance, viewed August 7, 2008).

4

corporation is a legal entity separate and distinct from its shareholders, directors and officers, and, generally, from other corporations with which it may be affiliated.").

Moreover, in Count II of the Complaint, Pekin seeks to recover future disability benefits under the Policy. Pekin's eligibility for future benefits, however, is subject to the condition that Pekin must be disabled in the future. It would be impossible for the court to divine the state of Pekin's health years in the future. Pekin's dry eye syndrome might resolve with medical treatment, or he might not live throughout the Policy's maximum benefit period. It is well established under Illinois law, therefore, that an insured cannot recover future benefits when the right to recover those benefits are subject to conditions precedent. *See Shyman v. Unum Life Ins. Co. of America*, No. 01 C 7366, 2002 WL 31133244, at *1 (N.D. Ill. Sept. 20, 2002) ("Whether Shyman will be entitled to disability benefits in the future depends upon certain conditions precedent- *i.e.*, whether he meets the terms and conditions for coverage in the future. And as the Seventh Circuit held in *Morgan*, such conditional payments cannot be enforced until due.") (*citing Morgan v. Aetna Life Ins. Co.*, 157 F.2d 527, 530 (7th Cir. 1946)). Where, as here, the plaintiff does not dispute the validity and existence of a disability insurance policy, the plaintiff cannot recover future disability benefits. *Shyman*, 2002 WL 31133244, at *1.

Nor may Pekin recover future disability benefits under a theory of anticipatory repudiation. Section 155 of the Illinois Insurance Code preempts claims for future benefits based on anticipatory repudiation. As stated by the court in *Busse v. Paul Revere Life Ins. Co.*, 341 Ill.App.3d 589, 598, 793 N.E.2d 779, 786 (1st Dist. 2003):

> The court in *Cramer* [*v. Ins. Exchange Agency*, 174 Ill.2d 513, 520, 675 N.E.2d 897, 900 (1996)] cautioned against litigant attempts to make an "end run" around the limits imposed by §155 by creating a common law action "that remedies the same basic evil." [Internal citations and text omitted]. Because we find that Dr. Busse's claim falls within the purview

5

> of §155, we hold that the trial court properly held that future damages based upon a theory of anticipatory repudiation are not recoverable.

A claim for future benefits under a disability insurance policy based on a theory of anticipatory breach "is in effect one for bad faith denial of benefits, and is therefore preempted by §155,...." *Busse*, 341 Ill.App.3d at 598, 793 N.E.2d at 786. To the extent that Pekin seeks to recover future benefits based on a theory of anticipatory repudiation, Pekin's claim is preempted by §155.

Finally, in Count IV of the Complaint, Pekin endeavors to state a claim against Unum Group for violations of §155. Section 155 provides "an extracontractual remedy to policyholders whose insurer's refusal to recognize liability and pay a claim under a policy is vexatious and unreasonable." *Cramer*, 174 Ill.2d at 519, 675 N.E.2d at 900 (*citing Kush v. American States Ins. Co.*, 853 F.2d 1380, 1385 (7th Cir. 1988)). Section 155, by its terms, expressly applies to the insurance company that is contractually liable to the insured. But Unum Group has no contractual liability to Pekin, because Unum Group neither issued the Policy nor decided Pekin's disability claim. Pekin, therefore, fails to state a cognizable claim against Unum Group based on a Policy which was issued and administered by non-party Paul Revere.

Accordingly, Counts I, II, III and IV of the Complaint should be dismissed for failure to state a cognizable claim, pursuant to Fed. R. Civ. P. 12(b)(6).

## II. Pekin Fails To State A Claim Under The Illinois Consumer Fraud Act.

In Count V of the Complaint, Pekin attempts to transform a straightforward breach of contract action into a claim for consumer fraud. The Illinois Consumer Fraud Act prohibits "unfair or deceptive acts or practices, including ... misrepresentation or the concealment, suppression or omission of any material fact ... in the conduct of any trade or commerce...." 815 ILCS 505/2. To state a claim for consumer fraud, a plaintiff must allege: (1) a deceptive act or practice by the defendant; (2) intent that the plaintiff rely on that deception; (3) that the deception

occurred in connection with a commercial transaction; and (4) that the deception proximately caused the plaintiff's damages. *Cozzi Iron & Metal, Inc. v. U.S. Office Equipment, Inc.*, 250 F.3d 570, 575-576 (7th Cir. 2001); *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill.2d 100, 180, 835 N.E.2d 801, 850 (2005), *cert. denied*, 547 U.S. 1003 (2006).

A simple breach of contract claim, such as that asserted in Pekin's Complaint, cannot be recast as a claim for consumer fraud. The mere fact that a defendant promised to perform under a contract and then subsequently reneged is not actionable under the Consumer Fraud Act. *See, e.g., Ross v. Culver Franchising System, Inc.*, No. 01 C 3830, 2004 WL 1898235, at *11 (N.D. Ill. Aug. 16, 2004) ("[A] 'deceptive act or practice' involves more than the mere fact that a defendant promised something and then failed to do it."); *Dahm v. First American Title Ins. Co.*, No. 06 C 5031, 2008 WL 1701901, at *5 (N.D. Ill. Apr. 9, 2008) ("Illinois law is clear that the purpose of the [Consumer Fraud] Act would be undercut if plaintiffs could convert any suit for breach of contract in to a consumer fraud action.").

The crux of Pekin's Complaint is nothing more than a dispute over the interpretation and application of the Policy's provisions for ascertaining the insured's post-disability "loss of earnings." This is not the type of dispute that falls within the rubric of consumer fraud. *See Bankier v. First Federal Savings & Loan Assoc.*, 225 Ill.App.3d 864, 875, 588 N.E.2d 391, 398 (4th Dist. 1992) ("Basically, this case involves a breach of contract between a borrower and a lender relating to the construction of contract documents. It is a purely private wrong between two parties and does not affect consumers generally.").

Pekin also alleges that Unum Group somehow violated the Consumer Fraud Act by raising a concern over Barnes & Thornburg's legal representation of Pekin. (Complaint, ¶ 59(e)). Specifically, Paul Revere informed Pekin's attorney, William McErlean, that Barnes &

7

Thornburg served as Paul Revere's exclusive defense firm in Indiana for approximately ten years, from the mid 1990's to 2003. Paul Revere informed Mr. McErlean that it reserved its rights regarding a "potential conflict" in the event the matter leads to litigation. (Complaint, Exhibit G). There is nothing deceptive or otherwise actionable under the Consumer Fraud Act when a former client informs its former counsel of the potential for a conflict. In fact, the burden was on Barnes & Thornburg at least to discover the potential for conflict, if not affirmatively to seek Paul Revere's consent prior to undertaking the representation of Pekin. *City of Waukegan v. Matinovich*, No. 03 C 3984, 2005 WL 3465567, at *3 (N.D. Ill. Dec. 16, 2005). Paul Revere's reservation of rights with respect to a potential conflict was neither deceptive nor injurious, and cannot form the basis of a consumer fraud action.

Finally, like his claim for future damages, Pekin's claim for violations of the Consumer Fraud Act are preempted by §155. The Illinois legislature enacted §155 as the exclusive extra-contractual remedy available to "an insured who encounters unnecessary difficulties when an insurer withholds policy benefits." *Golden Rule Ins. Co. v. Schwartz*, 203 Ill.2d 456, 468-469, 786 N.E.2d 1010, 1018 (2003) (*quoting Richardson v. Illinois Power Co.*, 217 Ill.App.3d 708, 711, 577 N.E.2d 823, 826 (5th Dist. 1991)).

The Illinois legislature passed §155 in order to provide a limited remedy to redress tortious conduct in connection with the administration of insurance claims. Illinois courts have refused to supplement that statutory remedy with additional remedies based on the same alleged tortious conduct. *See Cramer*, 174 Ill.2d at 527, 675 N.E.2d at 904. In determining whether a plaintiff has alleged a cognizable tort claim independent of the statutory remedies of §155, courts must "look beyond the legal theory asserted to the conduct forming the basis for the claim." *Id.*

The court in *Sieron v. Hanover Fire and Cas. Ins. Co.*, 485 F.Supp.2d 954 (S.D. Ill. 2007) dismissed the plaintiff's consumer fraud claim, on the basis that the exclusive remedy for the wrongful denial of insurance benefits lies in an action for breach of contract and penalties under §155. As stated by the court in *Sieron*: "When a purported tort claim boils down to an insurer's failure to pay, the remedies provided in §155 and for breach of contract cover the claim and are sufficient." *Id.*, at 961, *citing Cramer*, 174 Ill.2d at 528, 675 N.E.2d at 905. *See also Leona's Pizzeria, Inc. v. Northwestern Nat. Cas. Co.*, 203 F.Supp.2d 930, 933 (N.D. Ill. 2002) ("A claim that an insurer is 'lying after the fact to avoid paying [a] claim' amounts to no more than claim for denial of benefits and breach of contract, and is preempted by §155.") (*quoting Cramer*, 174 Ill.2d at 528, 675 N.E.2d at 905); *Woltman v. American States Ins. Co.*, No. 05 C 2198, 2006 WL 1305236, at * 4 (C.D. Ill. May 9, 2006) ("Because Woltman has alleged nothing other than conduct proscribed by section 155 in his Consumer Fraud count, summary judgment is warranted."); *Young v. Allstate Ins. Co.*, 351 Ill.App.3d 151, 169, 812 N.E.2d 741, 757 (1st Dist. 2004) ("We conclude that section 155 preempts plaintiff's Consumer Fraud Act claim."); *Masur v. Hunt*, 227 Ill.App.3d 785, 791, 592 N.E.2d 335, 340 (1st Dist. 1992) ("'[A]ny count alleging nothing more than the conduct proscribed by section 155 is preempted by the statute.'").

Pekin's claim for consumer fraud in Count V is premised on the same alleged conduct that forms the basis of his breach of contract and §155 claims. Looking beyond the legal theory asserted to the conduct forming the basis of the claim, as *Cramer* instructs, the thrust of Pekin's consumer fraud, breach of contract and §155 claims are the same, namely, that Paul Revere (incorrectly named as Unum Group) improperly declined to pay benefits under the Policy. Pekin's consumer fraud claim is subsumed within and preempted by his claims for breach of contract and violations of §155.

9

The court, therefore, should dismiss Count V of Pekin's Complaint for failure to state a cognizable claim.

## CONCLUSION

The Complaint should be dismissed because Unum Group is not a proper party to the Complaint. Counts I, III and IV are barred because Unum Group is not in privity of contract with Pekin. Count II should be dismissed because Illinois does not recognize causes of action for future benefits that require the satisfaction of a condition precedent, and because a claim for future benefits is preempted by §155. Finally, Count V should be dismissed because Pekin cannot transform a garden-variety breach of contract and §155 claim into an action for consumer fraud.

WHEREFORE, defendant, UNUM GROUP, respectfully requests dismissal of the Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

                Respectfully submitted,

Michael J. Smith         By: /s/ Warren von Schleicher_____
Warren von Schleicher          Attorney for Defendant, Unum Group
Smith, von Schleicher & Associates
39 S. LaSalle St., Suite 1005
Chicago, IL 60603
(312) 541-0300

**CERTIFICATE OF SERVICE**

      I hereby certify that, on August 14, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will serve the electronically filed document on the following attorneys of record:

William M. McErlean
Barnes & Thornburg LLP
One North Wacker, Suite 4400
Chicago, Illinois 60606
wmcerlean@btlaw.com

                Respectfully submitted,

                /s/ Warren von Schleicher

                Smith, von Schleicher & Associates
                39 S. LaSalle St., Suite 1005
                Chicago, Illinois 60603
                (312) 541-0300
                (312) 541-0933 Facsimile
                E-Mail: warren.vonschleicher@svs-law.com
                ARDC# 6197189